(No. 12089.—Reversed and remanded.)
THE METROPOLITAN WEST SIDE ELEVATED RAILWAY COMPANY, Appellee, *vs.* THE SANITARY DISTRICT OF CHICAGO *et al.* Appellants.

*Opinion filed October 21, 1918—Rehearing denied Dec. 4, 1918.*

This case is controlled by the decision in *People* v. *Metropolitan Elevated Railway Co.* (*ante,* p. 246.)

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

EDMUND D. ADCOCK, (ROSS C. HALL, of counsel,) for appellants.

A. L. GARDNER, ISHAM, LINCOLN & BEALE, PEFFERS & WING, and LOESCH, SCOFIELD, LOESCH & RICHARDS, (F. J. LOESCH, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee, the Metropolitan West Side Elevated Railway Company, filed in the circuit court of Cook county on June 15, 1911, a bill for an injunction against the Sanitary District of Chicago and the FitzSimon & Connell Company, the appellants, restraining them from excavating and dredging certain parts of the Chicago river so as to interfere with the maintenance and support of the dock along the west bank of the river between Adams and VanBuren streets, in the city of Chicago, and of the west pier and abutment of the complainant's bridge. When this bill was filed an information in chancery in the name of the People of the State of Illinois, on the relation of the State's attorney of Cook county, against the complainant in the present suit and others connected with it in interest, was pending in the circuit court of Cook county, the purpose of which was to obtain a decree requiring the Metropolitan West Side

Elevated Railway Company, at its own cost and expense, forthwith to remove and reconstruct the abutments and pier protections of its bridge across the Chicago river so as to provide a clear navigable channel of at least 150 feet. The bridge involved in both cases is the same and so is the ultimate question,—that is, the right of the appellee to maintain the bridge, with its abutments and piers, in their present condition. The two causes were heard by the same chancellor, and by agreement of the parties this cause was heard upon the pleadings in this cause and also upon the pleadings and exhibits in the proceeding by information in the name of the People, together with the oral and documentary proof taken in that cause before the master and his report and supplementary report. Upon the hearing the information was dismissed for want of equity. In the injunction case a decree was entered perpetually enjoining the defendants in accordance with the prayer of the bill, and they have appealed. The People appealed from the decree dismissing the information, and at the present term a judgment has been rendered reversing that decree and remanding the cause, with directions to the circuit court to grant the relief prayed for. *People* v. *Metropolitan Elevated Railway Co.* (*ante,* p. 246.)

The appellee's prayer for an injunction is based upon the existence of its right to maintain the bridge, with its piers and abutments. This right was the subject matter of the controversy in the other case, and the decision of that case adverse to the right requires a reversal of the decree.

The decree is reversed and the cause remanded to the circuit court, with directions to dismiss the bill for want of equity.          *Reversed and remanded, with directions.*